09-4959-ag
Patel v. Holder

BIA
Rocco, IJ
A074 855 443

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of January, two thousand eleven.

PRESENT:
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
        DENNY CHIN,
                *Circuit Judges.*
_____

SANJAY MANUBHI PATEL,
        *Petitioner*,

        v.                                          09-4959-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        James J. Orlow, Philadelphia,
                       Pennsylvania.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Thomas B. Fatouros, Senior
                       Litigation Counsel; Karen Y.
                       Stewart, Attorney, Office of
                       Immigration Litigation, Civil

**Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Sanjay Manubhi Patel, a native and citizen of India, seeks review of a November 10, 2009, order of the BIA affirming the September 29, 2009, order of Immigration Judge ("IJ") Michael Rocco denying his motion to reopen. *In re Sanjay Manubhi Patel*, No. A074 855 443 (B.I.A. Nov. 10, 2009), *aff'g* No. 074 855 443 (Immig. Ct. Buffalo Sept. 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Motions to reopen *in absentia* exclusion orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353-55 (BIA 1998) (en banc). Accordingly, when, as here, an alien files a motion that seeks both rescission of an *in absentia* exclusion order, as well as reopening of proceedings to apply for new relief, we treat the BIA's decision as having denied distinct motions to rescind and to reopen. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d

2

Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006). We review the agency's denials of motions to rescind and reopen for abuse of discretion. *See Alrefae*, 471 F.3d at 357. Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

Patel's arguments that he did not receive proper notice of his hearing and that his due process right was violated because he was not provided with a translation of the Notice to Appear are unavailing. A Notice to Appear is not defective merely because it fails to advise an alien in his native language that an *in absentia* order could be entered against him if he fails to appear. *See Lopes v. Gonzales*, 468 F.3d 81, 84-85 (2d Cir. 2006) (rejecting a Portugese alien's claim that "the notices to appear were defective because they did not advise him in his native Portuguese that an in absentia order could be entered against him if he failed to appear" because the relevant statute does not require that notice be provided in any particular language); 8 U.S.C. § 1229(a); 8 C.F.R. § 1003.26. Accordingly, the agency did not abuse its discretion in denying Patel's motion to rescind.

To the extent Patel was requesting reopening of proceedings to apply for relief from removal based on new

3

evidence, his motion was untimely and he did not establish that it met any exceptions to the filing deadlines. 8 C.F.R. § 1003.23(b); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board"). Thus, Patel was necessarily invoking the BIA's authority to reopen his proceedings *sua sponte*. *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) ("Because Mahmood's untimely motion to reopen was not excused by any regulatory exception, her motion to reopen could only be considered upon exercise of the Agency's *sua sponte* authority"); 8 C.F.R. § 1003.2(a). The BIA's determination as to whether it will exercise its *sua sponte* authority is entirely discretionary and thus beyond the scope of our jurisdiction. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Because Patel's motion was untimely and he did not establish that his motion met any exceptions to the filing deadlines, there is no error in the BIA's finding and we lack jurisdiction to review the BIA's decision to decline to *sua sponte* reopen his proceedings. *See Mahmood*, 570 F.3d at 469; *see also Ali*, 448 F.3d at 517; 8 C.F.R. § 1003.23(b).

Finally, Patel's argument that the agency violated the notice requirements of the APA is frivolous because the Supreme Court has held that the APA does not apply to immigration proceedings. *See Ardestanti v. INS*, 502 U.S. 129, 133-34 (1991) ("the INA 'expressly supersedes' the hearing provisions of the APA") (citing *Marcello v. Bonds*, 349 U.S. 302, 310 (1955)).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk